The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER HYLTON, an individual, Plaintiff, <br><br> vs. <br><br> REEDER MANAGEMENT, INC., a Washington Company, Defendant. | NO. 2:20-cv-1281 <br><br> **ORDER GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT AND REMANDING TO KING COUNTY SUPERIOR COURT** |

This matter comes before the Court on a Motion for Partial Summary Judgment filed by Defendant Reeder Management, Inc. Plaintiff Alexander Hylton brought this action in King County Superior Court, alleging that he was dismissed from employment in violation of federal and state whistleblower and anti-discrimination laws. Defendant removed the case based on this Court's jurisdiction over Plaintiff's single federal claim, for "OSHA Retaliation," brought under 29 U.S.C. § 660. The instant motion seeks dismissal of this claim (Count V), and of Plaintiff's claim for "[Washington Industrial Safety and Health Act] Retaliation," brought under RCW 49.17.160 (Count VI).

Plaintiff does not dispute that dismissal of his OSHA claim, Count V, is appropriate. As Defendant argues and Plaintiff concedes, the statute on which that count is based does not provide

ORDER RE: MOTION FOR
PARTIAL SUMMARY JUDGMENT

- 1

a private right of action. *See Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994). Accordingly, Count V is dismissed.

Defendant also seeks dismissal of Count VI, arguing both that Plaintiff fails to demonstrate he has met certain required conditions, and that Plaintiff did not bring his claim within the deadline provided by the statute. *See* RCW 49.17.160(2) (providing 30 days from agency determination on merits of claim for an employee to file a lawsuit). Plaintiff disputes Defendant's assertions on the merits, but also asks the Court to remand this case to King County Superior Court, from which Defendant removed it, given that the single federal claim on which this Court's jurisdiction was based has now been dismissed.[1] Defendant asks the Court not to remand, and to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims.

A district court has "discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction. Pursuant to the supplemental jurisdiction statute, when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in [28 U.S.C.] § 1367(c)(1)-(4)." *Herman Fam. Revocable Tr. v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001). That provision states, "[t]he district courts may decline to exercise supplemental jurisdiction" if, among other circumstances, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That is the situation here.

---

[1] While a motion to remand would have been a more appropriate vehicle for Plaintiff to make this request, the Court will nevertheless consider it given that Defendant has not objected to the procedural anomaly and has had the opportunity to respond, and the Court is confident it is fully informed as to the issues.

ORDER RE: MOTION FOR
PARTIAL SUMMARY JUDGMENT

- 2

Defendant has not articulated any facts weighing in favor of this Court retaining jurisdiction over Plaintiff's state law claims, stating repeatedly only that the Court has the discretion to do so.[2] While this is true, the Court concludes that exercising jurisdiction over Plaintiff's state law claims in this case would not serve the interests of "economy, convenience, fairness, and comity." *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Plaintiff's chosen forum was state court, and he has essentially consented to dismissal of the sole federal claim in his complaint. Other than this Order, the Court has not issued any substantive rulings on the merits of this case, and thus remand would not create redundant efforts in its resolution. This matter may proceed in King County Superior Court, which provides a perfectly adequate and more appropriate forum for resolution of Plaintiff's state law claims. Accordingly, Plaintiff's request for remand is GRANTED, and this case is hereby REMANDED to King County Superior Court.

DATED this 22nd day of July, 2021.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] District Courts may not exercise supplemental jurisdiction over state law claims where it is determined that they *lacked original jurisdiction* over the federal claims. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). However, because there can be no real dispute that the Court had subject matter jurisdiction over Plaintiff's federal law claim, Plaintiff's contention that "this Court would lack subject matter jurisdiction over the controversy following dismissal of Plaintiff's OSHA claim" is without merit. The question here is not whether the Court has jurisdiction over the supplemental state claims, but whether it should exercise that jurisdiction.

ORDER RE: MOTION FOR
PARTIAL SUMMARY JUDGMENT

- 3